**SWAN CREEK LUMBER CO v MILLARD**

Ohio Appeals, 6th Dist, Lucas Co

No 2749. Decided March 20, 1933

266

Smith, Baker, Effler & Eastman, Toledo, Wayne E. Stichter, Toledo, for plaintiff in error.

Charles W. Davis, Toledo, for defendant in error.

RICHARDS, J.

The collision occurred in the afternoon of November 25, 1929, in the City of Toledo at the intersection of Indiana Avenue and Ewing Street. At that time Millard was driving his automobile north on Ewing Street and an employe of The Swan Creek Lumber Company was driving its truck west on Indiana Avenue, which is a main thoroughfare. There is, as usual in such cases, an abundance of conflict as to the speed at which the respective vehicles were traveling and a sharp conflict as to whether Millard made a safety stop before undertaking to cross Indiana Avenue. The truck was a commercial car equipped with pneumatic tires, used for the transportation of property, and the weight of the truck and load was more than three tons and less than six tons. The speed at which it might travel is fixed by §7249, GC. The locality was within the city limits, but not in the business and closely built-up portions thereof, and the statute, so far as applicable to this action, reads as follows:

"A greater rate of speed than the following shall be prima facie evidence of a rate of speed greater than is reasonable and proper for general safety and the protection of the roadway:

* * *

2. For vehicles equipped with pneumatic tires, designed for the transporting of property, whose maximum weight of vehicle and load is three tons and not more than six tons, fifteen miles an hour in the business and closely built-up portions of municipal corporations, twenty miles an hour in other portions thereof or twenty-five miles an hour outside of municipal corporations."

Substantial evidence was introduced tending to show that the truck was traveling at a rate of speed of about 20 miles an hour and as a greater rate of speed than 20 miles an hour constituted prima facie evidence that the truck was traveling faster than was reasonable or proper, it became very important that the charge should be clear and unequivocal as to lawful speed. On this subject the court charged the jury as follows:

"A rate of speed of 20 miles per hour or in excess of 20 miles per hour is prima facie evidence of a rate of speed greater than is reasonable and proper. As I said to you, the test is what rate is reasonable and proper, and if it's established that the rate of speed of this vehicle was in excess of 25 —or 20 miles per hour, the presumption is that rate was greater than was reasonable and proper. That, however, is a rebuttable presumption, by which we mean that there may be circumstances in the situation as disclosed by the evidence which indicates that a rate of speed in excess of 20 miles per hour, under those circumstances, might not be greater than was reasonable and proper. Whether it is or not is a question of fact which you as a jury, must determine from the evidence in the case, but that's the test. There may be situations where a rate of speed of less than 20 miles per hour by such a vehicle might be greater than was reasonable and proper, but the presumption is the other way in that respect, and that is, that a speed of 20 miles or less is reasonable and proper, and unless there's something appearing in the evidence showing a situation by which that presumption is rebutted, such a rate of speed would be lawful under such circumstances."

The court nowhere withdrew his first instruction that a rate of speed of 20 miles

per hour or in excess of 20 miles per hour was prima facie evidence of a greater rate of speed than was proper. It results that the charge contains two conflicting instructions on the rate of speed which was reasonable and proper and under the well known principle, the jury would be unable to tell which instruction to follow. In view of the state of the evidence on speed, this became a matter of great importance in this case, and the charge was prejudicial to the lumber company.

The parties agreed that the damage to Millard's car was $250.00. In addition to that he claimed present and future damages to his person, averring in his petition that as a result of his injuries he "is now and will continue to be damaged and injured in the conduct of his business and the practice of his profession." The trial judge instructed the jury as to damages in the event that they found for the plaintiff, he is entitled to recover as follows:

"the damage that will result to him by reason of those disfigurements, in fact, take into account all of these things that have in some way caused him damages and for which he has enumerated in his petition claims for damage and established by the evidence as you find it, to the end that you may fairly and fully compensate him for those claims. Now the burden of proof is upon the plaintiff to sustain his claims by a preponderance of the evidence."

This language permits a recovery for future damages, even though shown only by a preponderance of the evidence, while the true rule only permits a recovery for such future damages as are reasonably certain to ensue. Evidence was offered tending to show that since the injury plaintiff's eyes watered and that he had not entirely recovered from this condition and that the scars which he received were getting less observable, although the condition would probably last for a considerable period of time. We think, under the circumstances, the charge as to future damages was prejudicial to the lumber company.

Much reliance is placed on the refusal of the trial court to grant a new trial by reason of newly discovered evidence. At the time of the collision, a car traveling south on Ewing Street had stopped just north of the intersection with Indiana Avenue. This car was occupied by two ladies and was owned by Edgar H. DuBois. The affidavit of DuBois, together with other evidence, was introduced on the hearing of the motion for a new trial. It appears from that affidavit that two days before the trial of the case now under review Millard made the following statement to him:

"It was a funny thing. I don't know what happened. To be frank with you, the people in your car are the only ones who really know what happened. I had been down to a place about two streets south of Indiana Avenue. As I came down to the intersection I glanced across the street and saw your car stopped on the opposite side. I glanced to see what it was all about and noticed the truck coming up the street and then I slowed down. I thought the damned fool was going to stop, so I stepped on it and went across. The next thing I knew, the crash occurred; that at no time during my conversation with Mr. Millard did Mr. Millard say that he made a safety stop before entering the intersection of Ewing St. and Indiana Ave., or that he stopped at any time before the collision occurred."

We regard this evidence and other evidence offered on the motion for new trial as exceedingly important and sufficient to require that a new trial should have been granted. DuBois was not in his car at the time of the collision and the lumber company had no knowledge, nor means of knowledge, that such a statement had been made to him by the plaintiff. With that evidence before the jury, a different result may well be probable. **The Canton Stamping & Enameling Co. v Eles, 124 Oh St, 29.**

We have examined all errors assigned, but find no others to the prejudice of the plaintiff in error. For the reasons given the judgment will be reversed and the cause remanded for a new trial.

WILLIAMS and LLOYD, JJ, concur.